IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

ASHLEY WILLIAMS,

    Plaintiff,

vs.

CHARTER SCHOOLS USA, INC.,
a Foreign Profit Corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, ASHLEY WILLIAMS, sues defendant, CHARTER SCHOOLS USA, INC. and shows:

### Introduction

1. This is a race discrimination and retaliation action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Florida Civil Rights Act, §§ 760.01, et seq., Fla. Stat. ("FCRA"), by ASHLEY WILLIAMS (hereinafter "WILLIAMS" or "Plaintiff"), an African American Accounts Payable Specialist against CHARTER SCHOOLS USA, INC. (hereinafter "CHARTER SCHOOLS").  CHARTER SCHOOLS treated WILLIAMS unfairly because of her race, acted in a manner towards her that created a hostile work environment because of her race, and continued to treat her in an unfair and hostile manner in retaliation for complaining about such discrimination. Plaintiff seeks all legal and equitable relief available under both Title VII and the FCRA, costs, and reasonable attorney's fees.

### Jurisdiction, Parties, Venue

2. This court has federal question jurisdiction pursuant 28 U.S.C. §1331. The Court

has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §§ 2201 and 2202. The court has supplemental jurisdiction to determine the state claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the claims arose here.

4.  At all material times, Plaintiff was protected by Title VII and the FCRA because she is African American and she complained about discrimination. She was at all material times an "employee" as contemplated by Title VII and the FCRA.

5.  At all material times, Defendant CHARTER SCHOOLS was Plaintiff's "employer" as contemplated by Title VII and the FCRA.

## Satisfaction of Conditions Precedent

6.  WILLIAMS, on or about November 21, 2019, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which assigned it the Case Number 510-2020-01159, which filing also perfected Plaintiff's rights under the Florida Civil Rights Act .

7.  The EEOC issued a Notice of Right to Sue dated September 27, 2021, within 90 days of receipt of which WILLIAMS has filed this action.

8.  The FCHR failed to either conciliate this matter or to make a reasonable-cause determination adverse to WILLIAMS within 180 days of her filing her Charge, which satisfied WILLIAMS's exhaustion of administrative-remedies requirement, entitling her to maintain a civil action.

9.  All other conditions precedent to the filing of this action have been performed or waived.

## General Allegations

10. WILLIAMS is an African American woman.

11. WILLIAMS was hired by the Defendant to work in its Broward County location as a temporary employee in the Accounting Department in January 2017.

12. WILLIAMS was given a permanent position on May 8, 2017 as an Accounts Payable Specialist.

13. WILLIAMS performed her job admirably and was given satisfactory performance reviews.

14. WILLIAMS was supervised by Kimberly Stephens (Monaghan) and Chantel Talley, both of whom are Caucasian women.

15. WILLIAMS' first and only performance review, provided in July of 2018, stated that she met expectations in each category the position required.

16. In September 2018, WILLIAMS began experiencing harassment and discrimination based on her race.

17. WILLIAMS was often targeted and reprimanded for being late while other employees of Caucasian or Latino descent were late to work but not reprimanded.

18. Starting in September 2018, WILLIAMS began making verbal complaints to Vice President Natalie Syvetska, the direct manager of WILLIAMS' supervisors, of the discrimination and harassment.

19. WILLIAMS made at least four reports to Ms. Syvetska of being discriminated against between September 26, 2018 and November 1, 2018.

20. On November 1, 2018, in direct retaliation for Plaintiff's complaints to Ms. Syvetska, WILLIAMS received her first written reprimand.

21. Said reprimand included several first-time complaints relating to WILLIAMS' attendance and job performance, many of which dated as far back as September 2017. These issues

were not mentioned on WILLIAMS' July 2018 performance evaluation.

22. The written reprimand was clearly retaliation for WILLIAMS' complaints of racial harassment and discrimination.

23. WILLIAMS, through her own persistence, was able to get the written reprimand withdrawn by Defendant in mid-January 2019. However, just days later, on January 17, 2019, Ms. Stephens and Ms. Talley presented Plaintiff with another written reprimand as more retaliation for Plaintiff's complaints.

24. WILLIAMS was then given an impossible task to complete comprised of reviewing 8,000 invoices with no additional support or overtime approval. When WILLIAMS could not complete this project to Ms. Stephens and Ms. Talley's satisfaction, she was provided another written reprimand on March 8, 2019. These actions were taken in direct retaliation for Plaintiff's complaints of racial harassment and discrimination.

25. On March 14, 2019, WILLIAMS filed a formal complaint of harassment and retaliation with Defendant and requested an investigation.

26. Although Defendant's employee handbook stated investigations were to take place within two days of a formal complaint, no such investigation occurred.

27. WILLIAMS' complaint did not stop further harassment, and in fact caused it in retaliation, because on March 20, 2019, Ms. Stephens admonished WILLIAMS for improper work attire, despite WILLIAMS having worn that same attire several times in the past without incident.

28. On March 28, 2019, WILLIAMS filed a second formal complaint with Defendant regarding the racial discrimination, harassment, and now retaliation.

29. The second formal complaint resulted in only one meeting being held with WILLIAMS and no formal investigation was conducted.

30. Said meeting was held on April 4, 2019 with representatives from Defendant's Human Resources department. Said meeting was the first time anybody from Defendant's HR Department met with Plaintiff, despite her having submitted verbal and written complaints for approximately six months.

31. On April 12, 2019, in direct retaliation for WILLIAMS's verbal and written complaints of racial discrimination, harassment, and retaliation, WILLIAMS was terminated by Defendant.

## Count I - Title VII Race Discrimination and Retaliation

32. WILLIAMS realleges and incorporates the matters set forth in paragraphs 1-31 as if fully set forth in Count I.

33. CHARTER SCHOOLS' treatment of WILLIAMS, as more particularly described above, was motivated by Plaintiff's race and her complaints of the same, and thus, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964.

34. WILLIAMS' race was a substantial or motivating factor in Plaintiff's disparate treatment.

35. WILLIAMS' complaints about discrimination were a substantial or motivating factor in CHARTER SCHOOLS' retaliation against her and termination.

36. The actions of Defendant affected WILLIAMS in the "compensation, terms, conditions and privileges of employment" as envisioned by 42 U.S.C. § 2000e-1(a)(1) and thus violated Title VII.

37. As a direct, natural, proximate and foreseeable result of CHARTER SCHOOLS' actions, WILLIAMS has suffered lost wages and benefits, emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue in the future.

38. WILLIAMS is entitled to recover reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, ASHLEY WILLIAMS, prays that this Court will:

a. Issue a declaratory judgment that the discrimination and retaliation against her by CHARTER SCHOOLS was a violation of her rights under Title VII;

b. Make WILLIAMS whole through back pay, benefits, and front pay;

c. Grant WILLIAMS judgment against CHARTER SCHOOLS for damages for the violations of Title VII;

d. Grant WILLIAMS her reasonable attorney's fees and litigation expenses against CHARTER SCHOOLS;

e. Grant WILLIAMS damages for pain and suffering;

f. Grant WILLIAMS punitive damages; and

g. Provide such other and further relief as is just.

## Count II - FCRA Race Discrimination and Retaliation

39. Mr. WILLIAMS realleges and incorporates the matters set forth in paragraphs 1-31 as if fully set forth in Count II.

40. CHARTER SCHOOLS' treatment of WILLIAMS, as more particularly described above, was motivated by Plaintiff's race and her complaints of the same, and thus, violated Plaintiff's rights under the FCRA.

41. WILLIAMS' race was a substantial or motivating factor in Plaintiff's disparate treatment.

42. WILLIAMS' complaints about discrimination were a substantial or motivating factor in CHARTER SCHOOLS' retaliation against her and termination.

43.     The actions of Defendant affected WILLIAMS in the "compensation, terms, conditions and privileges of employment" as envisioned by § 760.10(1), Fla. Stat. (2011) and thus violated the FCRA.

44.     As a direct, natural, proximate and foreseeable result of CHARTER SCHOOLS' actions, WILLIAMS has suffered lost wages and benefits, emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue in the future.

45.     WILLIAMS is entitled to recover reasonable attorney's fees and litigation expenses pursuant to § 760.11(5), Fla. Stat. (2011).

WHEREFORE, Plaintiff, ASHLEY WILLIAMS, prays that this Court will:

a. Issue a declaratory judgment that the discrimination and retaliation against her by CHARTER SCHOOLS was a violation of her rights under the FCRA;

b. Make WILLIAMS whole through back pay, benefits, and front pay;

c. Grant WILLIAMS judgment against CHARTER SCHOOLS for damages for the violations of the FCRA;

d. Grant WILLIAMS her reasonable attorney's fees and litigation expenses against CHARTER SCHOOLS;

e. Grant WILLIAMS damages for pain and suffering;

f. Grant WILLIAMS punitive damages; and

g. Provide such other and further relief as is just.

## Demand for Jury Trial

Plaintiff, ASHLEY WILLIAMS, demands trial by jury on all issues so triable.

Dated: December 23, 2021
Plantation, Florida

Respectfully submitted,

***/s/ Robert S. Norell***
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
James A. Peterson, Esq. (Fla Bar No. 645621)
E-Mail: james@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for Plaintiff WILLIAMS